UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIELLE M. SMITH,

Plaintiff,

v. Case No.: 3:25-cv-389-JEP-LLL

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

## ORDER

**THIS CAUSE** is before this Court on the Report and Recommendation ("**R&R**," Doc. 16), entered by the assigned Magistrate Judge, Plaintiff's Objections (Doc. 18), and Defendant's Response (Doc. 19). For the following reasons, this Court will overrule Plaintiff's objections, adopt the R&R, and affirm the Commissioner of Social Security's decision.

On August 19, 2022, Plaintiff filed for disability insurance benefits, "alleging disability beginning December 29, 2020." (Doc. 10-2 at 12).[1] "The claim was denied initially on May 8, 2023, and [was also denied] upon reconsideration on December 8, 2023." (*Id.*). Plaintiff requested a hearing before an Administrative Law Judge ("**ALJ**"), which she received on October

[1] This Court's cites the record using "Doc." to reference documents filed on this Court's docket, and it uses the pagination that corresponds to the PDF pages.

2, 2024. (*Id.*). The ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.* at 25). After the Appeals Council denied her administrative appeal, Plaintiff—representing herself—filed the instant appeal. (Doc. 1 at 3; Doc. 14 at 2). The Magistrate Judge issued the instant R&R, recommending that this Court affirm the Commissioner's decision. (Doc 16 at 10).[2]

**I.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to the Federal Rules of Civil Procedure, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b). Because "[t]he *de novo* review requirement is essential to the constitutionality of [§] 636," this Court must independently consider "factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). Objections to the R&R must be "clear and precise," identifying the specific findings and conclusions challenged and the basis for the disagreement. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). "Frivolous, conclusive, or

[2] "When an ALJ denies benefits and the Appeals Council denies review, '[this Court] review[s] the ALJ's decision as the Commissioner's final decision.'" *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted).

general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

Otherwise, a party waives the right to challenge on appeal any unobjected-to factual findings and legal conclusions. *See* 11th Cir. R. 3-1.[3] As such, this Court reviews—for plain error and only if necessary, in the interests of justice—those portions of the Magistrate Judge's findings and conclusions to which no objection was filed. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[ judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Dupree v. Warden*, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become Eleventh Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

**II.**

"An individual claiming Social Security disability benefits must prove that [s]he is disabled." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1273 (11th Cir. 2024) (quotation omitted). "To determine whether a claimant is disabled, the Social Security regulations mandate a five-step sequential evaluation

[3] The Magistrate Judge properly informed the parties of the time period to object and the consequences of failing to do so. (Doc. 16 at 1 n.1).

process." *Id.* (citing 20 C.F.R. § 404.1520(a)(4); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). At issue in this case is step five, which considers the claimant's "residual functional capacity and [ ] age, education, and work experience to see if [the claimant] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can adjust to other work, she is not disabled; if the claimant cannot, then she is disabled. *Id.*

In this case, the ALJ concluded that Plaintiff was not disabled and that she was not precluded from performing all work activity. (Doc. 10-2 at 23). Upon reviewing Plaintiff's briefing on appeal, the Magistrate Judge concluded that Plaintiff did not present any reviewable argument in her briefs and, therefore, waived her arguments. (Doc. 16 at 7, 10). In response, Plaintiff delineates three objections, but they ultimately relate to a single argument. (Doc. 18 at 2–6). She contends that her reply contains adequate briefing regarding her residual functional capacity ("**RFC**")[4] at step five, and she urges this Court to rule that the ALJ erred in finding that she was not disabled and that she could perform some light work. (*Id.*).

"An appellant is required in her brief to address her 'contentions and the reasons for them, with citations to the authorities and parts of the record on

[4] The RFC, or "residual functioning capacity," "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)).

which [she] relies.'" *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 898–99 (11th Cir. 2022) (citation omitted). And "[a] party fails to adequately brief a claim when [s]he does not plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation omitted). For instance, a party adequately raises a claim when she "devot[es] a discrete section of [her] argument" to the claim, but she does not adequately raise a claim when she "makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Id.* (quotation and citations omitted). In addition, "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes" consideration of it. *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (citation omitted).

For example, in Plaintiff's initial brief, she titled one threadbare section "The RFC is Not Supported by Substantial Evidence," (Doc. 13 at 6), and she stated that "[t]he ALJ found [her] capable of light work despite" a list of medical issues—laid out in bullet points containing just a few words each, (*id.* at 7). On this briefing, she asserted that "[t]his violates" the Eleventh Circuit's decision in *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011). (*Id.*). However, Plaintiff did not include any citations to the record or explain how any alleged deficiency "violates" *Winschel*. (*See id.*). The other sections in her initial brief, all arguing different points on the same issue, fare no better.

(*See id.* at 1–9). These arguments are simply too perfunctory to warrant review. *Cf. Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 832 (11th Cir. 2016)[5] (vacating the district court's ruling that the plaintiff waived his arguments on an issue when "[h]e devoted a discrete section of his brief to the issue," "supported his argument with citations to the record and to supporting authority," and "developed his argument with enough specificity to give the district court the opportunity to address the issue and rule on it").[6]

While Plaintiff includes several more record and legal citations in her reply brief, the filing is comprised primarily of bullet points and still lacks adequate specificity and context. (*See* Doc. 15 at 3–13). "Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009); *see also J.S. v. Comm'r of Soc. Sec.*, No. 3:20-CV-79-CAR, 2022 WL 278384, at *5 (M.D. Ga. Jan. 12, 2022) (explaining that the issue that the plaintiff raised in his reply brief, but not in his initial brief, was deemed

---

[5] This Court does not rely on unpublished Eleventh Circuit opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[6] Upon review of the initial brief that the plaintiff in *Morrison* submitted, the issue that the district court deemed waived was far more developed than the briefing in this case. The *Morrison* plaintiff devoted full paragraphs to support his arguments, included record or legal citations to support each sentence, and used footnotes to bolster his points. *See* "Memorandum in Support of Plaintiff's Position" at 14–16, *Morrison v. Comm'r of Soc. Sec.*, No. 3:13-cv-01170 (M.D. Fla. Sept. 6, 2014) (Doc. 34).

waived), *report and recommendation adopted sub nom. Sullivan v. Comm'r of Soc. Sec.*, 2022 WL 275510 (M.D. Ga. Jan. 28, 2022). Plaintiff cannot cure her waiver by attempting to re-write her briefs in her objections to the R&R. *See Proctor v. Comm'r of Soc. Sec.*, No. 6:24-cv-1551-JSS, 2025 WL 1522943, at *2 n.1 (M.D. Fla. May 29, 2025) (declining to consider "additional arguments [made] for the first time in [the plaintiff's] reply brief . . . or in her objection").

Nonetheless, even reviewing Plaintiff's argument through the lens of her more thoroughly explained objections, reversal is not warranted. This Court must affirm the ALJ's decision "if it is supported by substantial evidence," *Hale v. Bowen,* 831 F.2d 1007, 1010 (11th Cir. 1987) (citations omitted), or, in other words, if the decision is supported by "relevant evidence as a reasonable person would accept as adequate to support a conclusion," *id.* at 1011 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is something "more than a mere scintilla, but less than a preponderance." *Id.* (quotation omitted). This Court "review[s] *de novo* the legal principles upon which the Commissioner's decision is based." *Samuels*, 959 F.4th at 1045 (quotation omitted). Importantly, this Court may not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[ ] the evidence." *Id.* (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).

Plaintiff alleged "ankylosing spondylitis, musculoskeletal issues, kidney problems, liver problems, sleep apnea, incontinence and mental health issues."

(Doc. 10-2 at 20). The ALJ found that, although she was unable to do the type of work that she did in the past, Plaintiff was not disabled, and she had the RFC "to perform light work as defined in 20 CFR [§] 404.1567(b)" with certain exceptions. (*Id.* at 17; *see also id.* at 23, 25). In her objections, Plaintiff contends that "the RFC failed to account for limitations that prevented sustained sitting, standing, manipulation, concentration, persistence, and reliability." (Doc. 18 at 2). Plaintiff refers to her own testimony regarding her cognitive and physical limitations at the October 2024 hearing. (*See, e.g.*, Doc. 10-2 at 47–52) (Plaintiff testifying that she can walk for about eight minutes, stand for about five minutes, sit for about eight to ten minutes, and lift a half gallon).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Id.* (citing *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987)).

Citing 20 C.F.R. §§ 404.1520 and 404.1529,[7] the ALJ properly applied this framework. (*See* Doc. 10-2 at 17); *see also Wilson*, 284 F.3d at 1225–26 ("Although the ALJ does not cite or refer to the language of the three-part test in *Holt,* his findings and discussion indicate that the standard was applied."). Upon consideration of Plaintiff's testimony, medical records, and how Plaintiff's symptoms affected her daily life, the ALJ found "that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" (Doc. 10-2 at 20; *see also id.* at 17–20). However, he also found that Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms" were "not fully supported" by the medical evidence presented. (*Id.* at 23). As a result, the ALJ found that Plaintiff could perform light work, which, according to the vocational expert that testified at the hearing, included occupations such as "a Merchandise Marker," "a Mailroom Clerk," and "an Office Helper." (*Id.* at 24).

---

[7] Section 404.1529 of the Code of Federal Regulations provides, in part, the following:

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you.

20 C.F.R. § 404.1529(c)(4).

Ultimately, Plaintiff appears to take issue with the ALJ's choice not to credit her testimony. But, as this Court noted, the ALJ is within his authority to discredit testimony. *See Wilson*, 284 F.3d at 1226. "The credibility determination does not need to cite 'particular phrases or formulations' but it cannot merely be a broad rejection which is 'not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted). In this case, after outlining in detail the medical evidence that was presented, (*see* Doc. 10-2 at 20–23), the ALJ explained that "[Plaintiff] ha[d] many complaints without confirmation by medical evidence" and that "[m]ost of the studies [were] normal or show[ed] only mild findings," (*id.* at 23; *see, e.g.*, *id.* at 19 ("[T]he claimant's testimony revealed that she could not get her doctors to write down any of her symptoms[.]"); *id.* at 20 ("A January 20, 2020, x-ray of [Plaintiff's] right hand was normal."); *id.* at 21 ("This one time examination and diagnosis [of bipolar disorder] is not supported by [the] mental health treatment notes which show anxiety due to adjustment disorder or possibly due to cannabis use.")).

Accordingly, this Court concludes that substantial evidence supports the ALJ's finding that, although Plaintiff was limited in her ability to perform work, she was not disabled. *See Raper*, 89 F.4th at 1277 ("The ALJ need not discuss every piece of evidence if the ALJ's decision is not a broad rejection and

there is enough for us to conclude that the ALJ considered the claimant's medical condition as a whole." (citations omitted)); *Wilson*, 284 F.3d at 1226 ("Substantial evidence in the record supports the ALJ's finding, as the medical and other evidence simply was not consistent with [the plaintiff's] alleged disabling pain."); *Dyer*, 395 F.3d at 1211 ("[A]lthough [the plaintiff] indeed met the first prong of the *Holt* pain standard test which requires evidence of the underlying medical conditions, [he] failed to set forth the requisite objective medical evidence that confirmed the severity of the alleged pain arising from the alleged neck pain . . . or that the objectively determined medical conditions are of such a severity that they can be reasonably expected to give rise to the alleged pain.").[8]

"Under a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citation omitted). Plaintiff has not done so here, and the Eleventh Circuit has made clear that this Court must not re-weigh evidence, make new factual

[8] Plaintiff emphasizes the vocational expert's testimony that "there were no jobs with sitting and standing at will[.]" (Doc. 18 at 3). But this testimony was in response to the ALJ's question that embraced Plaintiff's claims as to the severity of her symptoms. (*See* Doc. 10-2 at 64). As already explained in this Order, the ALJ rejected this premise, and, therefore, he did not rely on this portion of the vocational expert's testimony. (*See id.* at 23).

findings, or determine credibility. *See Samuels*, 959 F.3d at 1045. Thus, upon independent review of the file and for the reasons stated in the Magistrate Judge's Report and Recommendation, this Court will overrule the objections and accept and adopt the legal conclusions and factual findings recommended by the Magistrate Judge.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Specific Objections to the Report and Recommendation and Request for De Novo Review" (Doc. 18) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 16) is **ADOPTED** and **CONFIRMED** as the opinion of this Court.

3. The Commissioner's decision is **AFFIRMED**.

4. "Unopposed Plaintiff's Motion for Leave to File a Limited Reply to Defendant's Response to Plaintiff's Objections" (Doc. 20), filed on September 4, 2026, is **DENIED as moot**.

5. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Jacksonville, Florida on September 10, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
*Pro Se* Party
Counsel of Record